954 So.2d 234 (2007)
Leila WELLS, Plaintiff-Applicant
v.
STATE of Louisiana, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al., Defendants-Respondents.
No. 41,836-CW.
Court of Appeal of Louisiana, Second Circuit.
March 7, 2007.
*235 Anthony J. Bruscato, Monroe, Raymond L. Cannon, Tallulah, Catherine Leary, New Orleans, for Applicant.
Laurel I. White, Assistant Attorney General, for Respondent, State of Louisiana, DPSC.
Usry, Weeks & Matthews, by Freeman R. Matthews, Craig E. Frosch, Tim R. Richardson, New Orleans, for Respondents, Madison Parish Sheriff, Madison Parish Law Enforcement District, and Charles R. Harmon, Jr.
David E. Verlander, III, Monroe, Counsel for Respondents, LSU Health Sciences Center-Shreveport and E.A. Conway Medical Center.
Before BROWN, DREW, and MOORE, JJ.
BROWN, Chief Judge.
Plaintiff, Leila Wells, filed a writ application with this court following the trial court's denial of her motion to compel the Madison Parish Sheriff's Office ("MPSO") to answer certain interrogatories. This court granted certiorari, obtained the entire record from the trial court, and had the parties address the issue fully in brief. For the reasons set forth below, we find no error in the trial court's ruling and therefore, the writ is denied.

Facts and Procedural History
This is a long-running civil action by plaintiff, Leila Wells, the mother of now-deceased Kerry Scarborough, against the Louisiana Department of Public Safety and Corrections ("DPS")/Department of Corrections ("DOC"), the MPSO, and E.A. Conway Hospital in Monroe. The issue before this court is the scope of the discovery to be allowed Mrs. Wells-specifically, whether the trial court erred by denying plaintiff's motion to compel the MPSO to answer certain interrogatories.
In 1993, Kerry Scarborough was sentenced to seven years imprisonment at hard labor with the DOC on a variety of charges. The DOC elected to house Scarborough with the MPSO at the Madison Parish Detention Center from August 1993 *236 to January 1995. The detention center is run by the MPSO.
While at the detention center, Scarborough developed serious health problems, including tuberculosis and cancer, that required diagnosis and treatment at E.A. Conway. Mrs. Wells has alleged that defendants were negligent in failing to ensure that her son got adequate medical care and treatment for these conditions and that this failure allowed both conditions to worsen, resulting ultimately in his death.[1]
Mrs. Wells sued the DOC, MPSO and E.A. Conway in March 1996. The minutes of record and index indicate that while plaintiff was busy with discovery efforts, defendants were filing various motions and exceptions, attempting to extricate themselves from this matter. Specifically, the MPSO filed a motion for summary judgment on March 31, 2004, urging that the MPSO satisfied its duty to provide reasonable medical care to Kerry Scarborough. In response, Mrs. Wells served a variety of discovery requests upon the MPSO asking for, inter alia, the sheriff's "understanding" of the relationship between the DOC and the MPSO. Thereafter, the DOC filed a motion for summary judgment on December 8, 2004, asserting that the MPSO, not the DOC, was responsible for Scarborough's medical care. This motion was denied on March 28, 2005.
The sheriff's responses to a number of plaintiff's interrogatories, which stated that the sheriff was not an attorney and referred plaintiff to the relevant statutes, did not satisfy plaintiff, so she filed several motions to compel,[2] which the sheriff opposed. A hearing on the motion(s) to compel was held on August 24, 2006, and the trial court found that plaintiff's discovery requests sought a legal opinion from the sheriff, something he was not required to provide.[3] This ruling is the subject of plaintiff's writ application.

Discussion
Louisiana Code of Civil Procedure article 1422 provides in part that:
Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.
The trial court has broad discretion in regulating pretrial discovery, and its decision will not be disturbed on appeal absent a clear abuse of that discretion. Moak v. Illinois Central Railroad Company, 93-0783 (La.01/14/94), 631 So.2d 401.
*237 Louisiana Revised Statute 15:824, which provides for overcrowding contracts between the DPS and local sheriffs, states in part:
(B)(1)(a) In the event any individual has been committed to the department for confinement . . . when the individual is not institutionalized in a state penal or corrections institution because of lack of facilities under the control of the department . . . which resulted or has resulted in the individual being confined in a parish jail or institution after final sentence . . . the department shall pay to each parish sheriff, or to the governing authority of those parishes in which the governing authority operates the parish jail, for keeping and feeding the individual in the parish jail the sum of twenty-two dollars and thirty-nine cents per day from date of sentencing until the individual is confined in a penal or correctional institution under the supervision of the department.
In addition to statutory provisions which govern the relationship between the DOC and the sheriff vis-a-vis DOC prisoners housed in a parish facility, the DOC and sheriff may enter into a contract which expressly addresses the responsibilities and duties of each entity regarding, among other things, the medical care to be provided to DOC prisoners. See Jackson v. State, Department of Corrections, 00-2882 (La.05/15/01), 785 So.2d 803. In the instant case, no contract between DOC and MPSO has been produced through discovery or as evidentiary support for DOC's contention that, by housing Scarborough with the MPSO, it was no longer responsible for Scarborough's medical care.[4] However, as noted by the court in Jackson, supra, the DOC is not necessarily immune from a suit for damages if treatment is not timely provided by the sheriff.
We have reviewed the interrogatories and requests for admission that plaintiffs want answered by the sheriff. In a nutshell, plaintiffs are seeking the sheriff's "understanding" of: (1) the legal relationship between the DOC and the MPSO; (2) whether Scarborough was under the custody and control of the DOC and/or the MPSO while housed in the detention center; (3) whether the sheriff was responsible for furnishing necessary[5] medical care to Scarborough while he was in the detention center; and (4) whether the DOC had a duty to provide necessary medical care should the sheriff be unable to provide necessary medical care since Scarborough was a DOC prisoner.
The issue of the existence and extent of the DOC's and/or the MPSO's responsibility or duty to provide medical care to Kerry Scarborough is clearly a question of law. See Harper v. Goodwin, 35,584 (La. App. 2d Cir.05/17/06), 930 So.2d 1160. The questions that the plaintiff have posed to the sheriff under the guise of discovering his "understanding" are to be answered not by the sheriff, but by the trial court ultimately when it makes its findings of law. Plaintiff's requests do not seek the sheriff's opinion as to facts upon which his claims or defenses are based, but call for legal conclusions and/or interpretations based upon statutory or contractual law, i.e., La. R.S. 15:824 and La. R.S. 15:703-15:706, which govern the legal relationship between and responsibilities of the custodians of persons in the custody of the DOC *238 but who must be held in parish facilities until they can be transferred to a DOC facility, and are therefore inappropriate. The trial court did not err in denying plaintiff's motion to compel. For this reason, plaintiff's writ is denied and this matter is remanded to the trial court for further proceedings.
WRIT DENIED; REMANDED.
MOORE, J., dissents with reasons.
MOORE, J., dissents.
I respectfully dissent. This court granted a writ to address the plaintiff's contention that her discovery requests, seeking the sheriff's "understanding" of his agreement with the Department of Corrections, were permissible as contention interrogatories. Now a majority of the panel has dismissed the plaintiff's application without discussing or even acknowledging this novel and important issue.
The Code of Civil Procedure provides for "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action[.]" La. C.C.P. art. 1422. One appellate court has already recognized, "The fact that interrogatories may to a degree call for an expression of opinion or judgment * * * does not necessarily render them objectionable." Gaudet v. Lawes, 166 So.2d 337 (La.App. 1 Cir.1964). Notably, art. 1422 mirrors FRCP 26, which was widely understood to allow contention interrogatories even prior to the adoption of FRCP 33(c). See Moore's Federal Practice, Civil § 33.02 (Matthew Bender & Co., 2006). I would grant this writ and recognize the validity of contention interrogatories under art. 1422.
Even under the district court's narrow view of discovery, I would find these interrogatories and requests for admission proper. They seek not so much a legal conclusion as the sheriff's version of the oral agreement that must have existed before he would accept Scarborough in the Madison Parish Jail. Any agreement between the sheriff and the Department of Corrections is obviously relevant and would be admissible at trial.
For these reasons I would grant the writ and remand the case with an order for the sheriff to respond, in full, to each of the contested discovery requests, without framing the responses as legal conclusions.
NOTES
[1] Scarborough was moved out of the detention center in January 1995 and into another facility where he received medical treatment, but he died in March 1995 from the tuberculosis and cancer.
[2] Plaintiff took the position that she was unable to effectively oppose the MPSO's motion for summary judgment without the sheriff's complete answers to the interrogatories propounded.
[3] In this judgment, the trial court gave plaintiff 15 days from this court's ruling on her writ application to file any additional memoranda opposing the MPSO's motion for summary judgment, and the sheriff was given 10 days thereafter.
[4] As noted above, the motion for summary judgment filed by the DOC was denied by the trial court.
[5] Prison authorities have an obligation or duty to provide reasonable medical treatment and care to inmates. Harper v. Goodwin, 41,836 (La.App. 2d Cir.05/17/06), 930 So.2d 1160.