981 So.2d 196 (2008)
Dr. Charles WILLIAMS, Plaintiff-Appellant
v.
SOUTHERN TRACE PROPERTY OWNERS ASSOCIATION, INC., Defendant-Appellee.
No. 43,186-CA.
Court of Appeal of Louisiana, Second Circuit.
April 23, 2008.
Rehearing Denied May 29, 2008.
*197 Culpepper & Carroll, PLLC, by Bobby L. Culpepper, Jonesboro, for Appellant.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, by Robert A. Dunkelman, Shreveport, for Appellee.
Before BROWN, WILLIAMS & PEATROSS, JJ.
PEATROSS, J.
In this action for declaratory judgment filed by Dr. Charles Williams, a homeowner and resident of the Southern Trace district of Caddo Parish, Louisiana ("Southern Trace"), the petitioner seeks a declaration by the court that the Southern Trace Property Owners Association, Inc. ("the Association") has a legal duty to enforce the restrictions and covenants contained in the Association's "Declaration of Protective Covenants, Conditions and Building Restrictions." The Association filed a Motion for Summary Judgment, which was granted by the trial court, and Dr. Williams now appeals. For the reasons stated herein, we affirm.

FACTS
Dr. Williams is an owner of property and resident of Southern Trace, which is a private, gated community located in Caddo Parish. The defendant herein is the homeowners' association of the community, which is comprised of individuals living in the neighborhood and which is governed by an elected board of directors ("Board").
The record indicates that covenant enforcement is an issue discussed regularly at the Association's Board meetings and that Dr. Williams has been a persistent and interested resident in seeking enforcement of the restrictions and covenants. The Board takes the position that it must exercise discretion in determining which violations to pursue, considering the type of violation and the economic feasibility of enforcement. Unsatisfied with less than total enforcement, Dr. Williams filed this suit.
In his petition, Dr. Williams complains of various alleged violations of certain restrictions and covenants that are contained in the Association's governing document entitled "Declaration of Protective Covenants, Conditions and Building Restrictions," hereinafter referred to as the "Declarations." Specifically, Dr. Williams' petition alleges that, as of the filing of the petition, he had counted at least 300 covenant violations since October 2005, including families allowing vehicles to be parked on the street overnight or for longer than a ten-hour period, non-licensed motor vehicles on the roads, motor homes parked in public view, a fence that is ten feet tall (the maximum height is eight feet), high grass and weeds in yards, loose dogs and cats digging in flower beds, trucks with noisy exhaust systems, barking dogs, garage doors left open, trash cans put out too soon before garbage pickup and left out overnight after garbage pickup, yard bags left on the curb by landscapers for "days" before pickup, and children driving 4-wheelers and golf carts. Dr. Williams also complains of the lack of enforcement of the speed limit in the community.
*198 As stated, Dr. Williams filed the petition for declaratory judgment seeking a judgment stating that the Association has not only the power, but also a duty, to enforce the restrictions and covenants contained in the Declarations. The Association filed a motion for summary judgment, which was granted. The trial court agreed with the Association, finding that the Declarations give the Association the power, but not the legal duty to enforce the restrictions and covenants as requested by Dr. Williams. This appeal ensued.

DISCUSSION
On appeal, we review the grant of a motion for summary judgment de novo. Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002.
Whether a duty exists on the part of the Association to enforce the restrictions and covenants is a question of law. See Wells v. State, Dept. of Public Safety and Corrections, 41,836 (La.App. 2d Cir.3/7/07), 954 So.2d 234. The community documents, such as the Declarations in the case sub judice, form the law between the homeowners' association and the individual lot owners and among the lot owners in the community. La. R.S. 9:1141.8. The Declarations containing the restrictions and covenants are subject to the rules of the civil code and principles of contract interpretation contained therein. La. C.C. art. 783. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. C.C. art. 2046. Further, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit. Id., comment (b); Maloney v. Oak Builders, 256 La. 85, 235 So.2d 386 (1970).
The pertinent provision of the Declarations, Section 8.16, is entitled "Power to Enforce Restrictions and Rules and Regulations" and reads as follows:
The Association (and any Owner with respect only to the remedies described in [ii] or [iii] below) shall have the power to enforce the provisions of the Declaration and the Rules and Regulations and shall take such action as the Board deems necessary or desirable to cause compliance by each Member and each `Related User'. . . .
. . . (ii) by commencing and maintaining actions and suits to restrain and enjoin any breach or threatened breach of the provisions of this Declaration or the Rules and Regulations, by mandatory injunctions or otherwise; (iii) by commencing and maintaining actions and suits to recover damages for breach of any of the provisions of this Declaration or the Rules and Regulations.
As previously stated, the trial court found that the Association has the power to enforce the covenants, but that the Declarations do not impose a duty on the Association to legally enforce every covenant that is violated by an owner. The plain, unambiguous language of Section 8.16 supports this conclusion. In Sections 8.1-1.13, the document clearly outlines the duties of the Association, including such ministerial tasks as maintaining insurance and the collection of fees and assessments. Sections 8.14-8.25 then describe the general and specific powers of the Association, which expressly include, in Section 8.16, the power to "enforce the provisions of the Declaration and the Rules and Regulations and [the Board] shall take such action as the Board deems necessary or desirable." (Emphasis added.) We find this language to unambiguously afford the Board discretion in enforcing the restrictions and covenants as set forth in the Declarations.
*199 On appeal, the Association supports this conclusion by explaining that practicality and economy prohibit the enforcement of every violation of every restriction and covenant. According to the Association, some violations may be more irritating to one owner than to another and may be deemed not actionable by a majority of the Association. The Association/Board makes such decisions on a case-by-case basis. We are persuaded by this argument and note that this practice by the Board is supported by the language in Section 8.16 affording it discretion.
We are not, on the other hand, persuaded by the argument of Dr. Williams that language in the by-laws somehow creates such a duty on the part of the Association. He asserts that the by-laws clearly support the conclusion that ALL covenants must be enforced by the Association. In support, Dr. Williams relies on language in "Article II. Functions of the Corporation" of the by-laws of the Association, which states that the Association shall exercise "the duties" and "enforce all restrictions, covenants," as set forth in the Declaration and Charter. Dr. Williams further points to Section 13 of the by-laws, entitled "Duties," which states that it shall be the duty of the Board of Directors to "perform such other duties required of the Board of Directors as are set forth in the Declaration, the Charter, these By-Laws and as are required by law."
Significantly, the by-laws refer to enforcement of the restrictions and covenants as set forth in the Declarations and, as previously discussed, the Declarations give the Board discretion in enforcing the restrictions and covenants. The Declarations is the controlling community document specifically delineating the duties and powers of the Association and its Board. We find no language in the by-laws that is contrary to the plain language of the Declarations regarding enforcement of the restrictions and covenants.
While we acknowledge the consideration paid for owning property in exclusive, private communities such as Southern Trace and the amenities that are attendant such ownership, we cannot impose a legal duty on a homeowners' association that is not supported in the community documents governing the private district. As pointed out by the Association, each property owner in Southern Trace has the individual right to seek enforcement of the restrictions and covenants if the Association in its discretion and judgment declines to act to the satisfaction of the property owner.
In summary, we find that the terms of the Declarations impose the powers of enforcement, but not the duty to enforce the restrictions and covenants. The language of the Declarations is clear and unambiguous. The Association had no duty, as a matter of law, to enforce the restrictions and covenants as sought by Dr. Williams.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Dr. Charles Williams.
AFFIRMED.
BROWN, Chief Judge, concurs with written reasons.
BROWN, Chief Judge, concurring.
I take issue with the statement that there is no duty to enforce the restrictions and covenants. Section 8:16 clearly states that the Board "shall take such action . . . to cause compliance by each member . . ." (Emphasis added). The discretion lies in what type of action the Board deems necessary. The clear language of the Declarations *200 imposes a duty to cause compliance by each member.
I concur because this is neither a mandamus action nor an action by a member to recover the cost of his action to restrain a breach of the covenants.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS & DREW, JJ.
Rehearing denied.
BROWN, C.J., would grant rehearing.