667 So.2d 1137 (1995)
Alisha DEAN, Individually and on Behalf of her minor son, Andre Maurice Waters, II
v.
Andre Maurice WATERS.
Nos. 95-CA-2352, 95-C-2365.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
Rehearing Denied February 22, 1996.
*1138 Theon A. Wilson, New Orleans, for Alisha Dean.
Curklin Atkins, New Orleans, for Andre Maurice Waters.
Before BARRY, ARMSTRONG and WALTZER, JJ.
WALTZER, Judge.
On or about April 5, 1994 plaintiff Alisha Dean filed a petition to establish paternity, to set child support and a rule to show cause. The petition alleged that defendant Andre Maurice Waters is the father of her minor child Andre Maurice Waters II.
The petition further alleged that Mr. Waters executed an Affidavit of Paternity claiming the paternity of the minor child, which affidavit had been filed with the putative father registry maintained by the Department of Health and Hospitals, a copy of which was annexed thereto as Exhibit 1.
The petition further alleged that defendant contributed sporadically to the support of the minor child and that petitioner sought a reasonable scheduled amount.
The petition then prayed that defendant be served under the Long Arm Statute, that he be required to show cause why he should not pay child support, that there be judgment declaring the child to be his and for all other general and equitable relief.
The trial court set a rule for May 24, 1994. The petition was verified and contained on the end the language:
PLEASE SERVE:
ANDRE MAURICE WATERS
605 BLUEGILL COURT
TAMPA, FLORIDA 33613
Certified Mail, Return Receipt Requested Pursuant to the Louisiana Long Arm Statute La. R.S. 13:3201, et seq.
The first page of the petition contains the two following notations:
1 c/c Long Arm 4-6-94 Took (illegible initial).J.
Reissue 2 Long Arm Took 5-3-95 P.G.
The original petition was filed by attorney Gusman with the rule set for May 24, 1994. At the bottom of the rule order is the notation "cont to 6-24-94". At some point someone (presumably a judge or minute clerk in Civil District Court) scratched out May 24, 1994 and entered May 31, 1995 as the rule date.
The hearing was held before Judge ad hoc Walter Willard on May 31, 1995. At that time, counsel Sharon Hunter represented the plaintiff. We assume that Ms. Hunter was part of the first attorney's firm because no motion to substitute counsel is in the record, although that may have been lost as well.
The hearing was in the nature of a confirmation of a default, however, we do not know if a preliminary default was taken as we are unable to see a default stamp on the front of the lower court record cover, because the lower court record cover is not in our record.
At the hearing, the only person who testified was the plaintiff mother, Alisha Dean. According to Ms. Dean's testimony, defendant allegedly has income between $1.1 million and $800,000 per year depending upon bonuses earned.
At the conclusion of the hearing, the trial court granted judgment in favor of plaintiff and ordered defendant to pay child support in the amount of $3,500 per month. Counsel *1139 for plaintiff prepared a judgment which was signed on June 13, 1995.
Mr. Waters must have quickly become aware of these proceedings because 9 days later on June 22, 1995, he filed an action to annul pursuant to LSA-C.C.P. art. 2001 and 2002. Defendant further set a rule to show cause for September 18, 1995.
On July 10, 1995 defendant filed a suspensive appeal from the June 13, 1995 judgment, incorrectly identified as the June 26, 1995 judgment in his motion.
On September 18, 1995 plaintiff filed a Motion to Dismiss the Suspensive Appeal and a rule was set for December 13, 1995.
Apparently the September 18 hearing pursuant to the rule was held, but there is no transcript from the September 18 hearing in the record, only the transcript from the May 31st hearing.
In a moment of procedural creativity, the trial court judge did not issue a new judgment addressing the issue of annulment on the grounds of ill practices raised in the petition to annul, instead the trial court judge crossed out the June 13, 1995 date on the earlier judgment and wrote in September 18, 1995 and initialed it.
On October 19, 1995 defendant filed a petition for a "suspensive/devolutive" appeal from the judgment now dated September 18. The duty judge signed the order scratching out suspensive and granting a devolutive appeal.
On October 27, 1995 defendant filed in this court an application for an expedited emergency review on appeal, which was granted by this court's emergency writ panel on October 30, 1995. The court also issued a stay order in conjunction therewith.
On October 30, 1995 the emergency appeal was assigned to an appeal panel different than the emergency writ panel and a special hearing date was set for the emergency appeal, although no oral argument was granted.
On October 31, 1995 plaintiff filed in this court plaintiff's motion to convert the suspensive appeal to a devolutive appeal.
On October 31, defendant filed a "Petition for Expedited Emergency Supervisory Writs" urging the same facts and requesting the same relief as in the appeal and the emergency expedited appeal.
On November 6, 1995 this court issued an order declaring plaintiff's October 31st motion to convert moot in light of the duty judge's grant of a devolutive appeal. The order further lifted the stay granted in the October 31 order on the grounds that it violated LSA-C.C.P. art. 3943: "An appeal from a judgment awarding ... support ... shall not suspend execution of the judgment..." and on the grounds that the issuance of the stay created a suspensive appeal.
Plaintiff's reply brief was due on November 10, but she did not file one.
In reviewing the record before this court, we noted that most of plaintiff's exhibits were missing from the record, although they were discussed and referred to in the transcript of the May 31 hearing.
We further noted that defendant sought to have the judgment below vacated on the grounds that evidence of service was missing from the record.
Accordingly, on November 10 this court issued an order to plaintiff's counsel ordering her to provide the missing exhibits, noting that counsel for the defendant had taken the record from the Civil District Court Clerk's Office, that it was still missing as of August 23, 1994 and that at that time the Clerk's Office contacted counsel to see if the record was still in his possession or if it could be reconstructed.
Plaintiff provided copies of some of the missing exhibits.[1]
Examining the threshold issue in the instant appeal, at the time of the May 31st hearing, counsel for Alisha Dean stated:
MS. HUNTER:

*1140 Good morning, Your Honor.
Your honor, this is a petition to establish paternity and to set child support. And we are going to do it in the nature of default, in that we have served the defendant through long arm statute. And I have here for the record where the letter wasn't picked up after three attempts to notify him of these proceedings also requesting service documents last week. We have not gotten any response, and we would like to proceed this morning. We also note for the record that this isn't the first time we served the defendant, this case has been set once before under the representation of another lawyer back a year ago, in May of 1994, when he actually was served, even though the record doesn't have a green slip, out of an abundance of caution we re-issued everything and had it set for today.
* * * * * *
THE COURT:
Now, let me get clear your explanation of service. You have gotten previously service on Mr. Waters, is that right?
MS. HUNTER:
That's correct. I personally didn't get previous service. Ms. Dean was represented by another counsel prior to me taking over the case this year. And he was served long arm, as in this case, but the green card came back and somehow or another we don't have the green card, and it wasn't in the record. So when I got involved, just out of an abundance of caution, I re-issued everything myself again to that same address, along with the address in Arizona. I have before the Court the letter showing that it wasn't picked up, you can check the address where I sent the letter along with the original petition, under the representation of prior counsel it's the same address. This is the address where Mr. Waters is staying and receives mail along with the Phoenix, Arizona address, but it wasn't picked up. According to the law, you send a letter certified, a person refuses to pick it up, you do have valid service.
THE COURT:
And we would presume that the person who refused to take it was, in fact, our own Andre Maurice Waters?
MS. HUNTER:
We have to assume that since that's where he stays. And I mean, you know, we can get an affidavit from the prior counsel if the Court wishes.
THE COURT:
No, no. I just wanted that explanation for the record, thank you. What's your pleasure, Ms. Hunter?
The exhibits dealing with service filed in this court by plaintiff are three:
1. A photocopy of a citation dated April 6, 1994 signed by V. Johnson Deputy Clerk issued to Gusman, Marlin N. Esq. 14982 at 5910 Hayne Blvd New Orleans La. 70126 Addressed to Waters, Andre Maurice through Louisiana Long Arm Statute 605 Bluegill Court Tampa, Florida 33613 stating he is ordered to show cause on the 24th of May 1994 at 9:00 a.m. as prescribed in the annexed copy of petition as prayed for according to law indicating the petition was one to establish paternity, to set child support, and rule to show cause.
2. A photocopy of an envelope with the printed return address of Marlin N. Gusman, Attorney at Law 5910 Hayne Blvd. New Orleans, La. 70126, Certified mail slip number P 342 848 534 affixed thereto, handwritten notations "LN 4/18 5-6 5-12-94", a U.S. Post Office stamp "Return to Sender Reason Checked: Unclaimed".
3. A photocopy of a green card indicating article number P 342 848 534 Addressed to: Mr. Andre M. Waters 605 Bluegill Ct. Tampa, Fla. 33613 Type of Service: Certified Return Receipt for Merchandise.
LSA-R.S. 13:3201(7) provides in part:
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresidents:
(7) Parentage and support of a child who was conceived by the nonresident while he resided in or was in this state.
*1141 Plaintiff's petition fails to state that Andre Waters II was conceived while defendant Andre Waters resided in or was in the State of Louisiana, the express statutory "minimum contacts" necessary to establish jurisdiction over a nonresident defendant in a paternity suit under LSA-R.S. 13:3201(7). State Through Dept. of Health and Human Resources v. King, 447 So.2d 557 (La.App. 1st Cir.1984); Barber v. Profit, 576 So.2d 1168 (La.App. 3rd Cir.1991).
LSA-R.S. 13:3205 provides:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
In the instant case, plaintiffs' first attorney mailed the citation and petition to Andre Maurice Waters at the address discussed above and it was returned by the U.S. Postal Service marked "Unclaimed" after three notices were left. It is well established that a party may not defeat service by merely refusing to accept the letter containing the citation. Ahlers v. Ahlers, 384 So.2d 474 (La.App.2d Cir.1980); Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1977) writ den. 354 So.2d 1376 (La. 1978); Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App. 1st Cir.1972). In the case of the Long Arm Statute, however, the legislature has specifically created a procedure for those cases, namely LSA-R.S. 13:3205(a). Because there was no actual delivery under (b) above, counsel for the plaintiff should have executed an affidavit under 13:3205(a) and filed it into the record.
In Decca Leasing Corporation v. J.M. Torres, M.D., 465 So.2d 910, 913 (La.App. 2nd Cir.1985), writ den. 468 So.2d 1211 (La.1985), the court quoted:
The exercise of personal jurisdiction is fully dependent upon strict compliance with the procedural requirements of the Long-Arm Statute. Clay v. Clay, [389 So.2d 31 (La.1979)]. See also Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.1975), Tatum v. Ridgeway Properties, 348 So.2d 1323 (La.App. 3d Cir.1977), Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1977), writ denied 354 So.2d 1376 (La.1978) and Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976). Thus personal jurisdiction over a non-resident may not attach if service of process does not meet the statute's requirements. Clay v. Clay, supra.
Accordingly, this court is required to strictly construe the requirements of LSA-R.S. 13:3205. Applying a strict construction, we find that because no affidavit was executed, there is insufficient service under the Long Arm Statute. Accordingly, the trial court erred in failing to vacate the judgment. Having thus concluded on the threshold issue, we need not discuss the other issues raised on appeal. We also note that the disposition in the instant case does not prevent plaintiff from filing a new petition with sufficient service and a new hearing on the substantive issues.
For the reasons discussed, the judgment of the district court is vacated, annulled and set aside.
VACATED, ANNULLED & SET ASIDE.
NOTES
[1] The exhibits provided by plaintiff, specifically, the acknowledgment of paternity executed by Andre Maurice Waters on April 15, 1993, the citation, the returned certified mail envelope and the green card in conjunction therewith and the birth certificate of Andre Maurice Waters II are attached hereto as addendum, to be published so that they may be easily referred to by any court, should these items be lost again.