756 So.2d 618 (2000)
John T. McFARLAND, Jr.
v.
Danny W. DIPPEL.
No. 99 CA 0584.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Rehearing Denied May 18, 2000.
*619 Maria N. Rabieh, New Orleans, for Appellant Plaintiff John T. McFarland, Jr.
Gregory J. Miller, Baton Rouge, for Appellee Defendant Danny W. Dippel.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
*620 FOIL, Judge.
This appeal challenges a trial court's dismissal of an action to nullify a judgment. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
John T. McFarland, Jr., a resident of South Carolina, filed this lawsuit against Danny W. Dippel, a Louisiana resident, seeking to nullify a default judgment obtained by Dippel against McFarland. In 1994, McFarland sold a house and lot in a subdivision in St. Francisville, Louisiana to Dippel for $39,000.00. On October 9, 1995, Dippel's attorney wrote McFarland a letter asserting a warranty claim for defects in the home. Later that month, on October 31, 1995, Susan Nial, an attorney and McFarland's wife, wrote Dippel a letter on behalf of her husband denying the claim.
On October 18, 1995, Dippel filed a redhibition action against McFarland in the 20th Judicial District Court for the Parish of West Feliciana. He alleged there was significant water and termite damage to the home and requested recission of the sale or, in the alternative, the cost to cure the defects, nonpecuniary damages and attorney's fees. It is undisputed that a copy of the citation and of the petition was sent by Dippel's attorney to McFarland at his correct residential address in Charleston by certified mail. McFarland did not claim the certified mailing, which was returned to Dippel's attorney. The envelope that contained the citation and petition bears the notation "UN" on it, underneath which the dates 10/28, 1¼ and 11/12 are listed.
On February 28, 1996, Dippel filed a motion for a preliminary default, citing McFarland's failure to answer the lawsuit. In connection with the motion, an affidavit of service was filed, to which the envelope indicating the certified mailing was unclaimed was attached. The preliminary default was granted.
A hearing was held to confirm the default on April 9, 1996, during which Dippel's attorney introduced the long-arm citation, the signed affidavit of service and the envelope. Upon confirming that no answer or responsive pleading had been filed, the court took evidence on the redhibition claim, which included a video of the home and testimony regarding the extent of the damage and the cost to repair it. Thereafter, the trial court entered a default judgment, awarding Mr. Dippel the sum of $16,800.00, which represented the cost to repair the damages, nonpecuniary damages and legal fees.
On November 13, 1996, McFarland filed this petition seeking to nullify the judgment, contending that he was not served with the citation and petition pursuant to La. R.S. 13:3204, which sets forth the mandatory service of process requirements in a suit brought pursuant to the long-arm statute, La. R.S. 13:3201. He averred that because service was not made on him by certified mail, an attorney should have been appointed to represent him in the proceeding. McFarland alleged because of the defective service, the trial court did not have personal jurisdiction.
McFarland filed a motion for summary judgment, which was denied by the trial court. Trial was scheduled for June 29, 1998. On May 15, 1998, McFarland filed a motion for leave to file a supplemental and amending petition, attempting to add an additional claim. In the petition, he alleged that the default judgment was an absolute nullity because there was insufficient proof of service as mandated by La. R.S. 13:3205. The trial court denied the motion to supplement the petition, noting that the matter was set for trial. Thereafter, trial on the issue of the sufficiency of service of process pursuant to La. R.S. 13:3204 proceeded.
During the trial, McFarland, his wife, Susan, and Mr. Robert Butler, Dippel's attorney, testified. McFarland also presented the deposition testimony of a New Orleans postal worker. McFarland and his wife both denied having any knowledge of Dippel's suit. They denied ever receiving *621 a copy of the petition and citation, denied receiving the certified letter and denied ever having been notified of the existence of the certified letter by the post office.
The testimony revealed that McFarland has a mailbox located outside of his residence. McFarland stated that he is a selfemployed landlord, and is familiar with how certified mail is handled. He attested that he understood the letters "UN" on the certified mailing envelope to mean "unclaimed," and he referred to the dates indicated on the envelope as the dates the yellow slips apprising him he had a certified letter would have been placed into his mailbox. He testified that there were no problems with his mail delivery during the months of October and November of 1995. He further testified that during the month of October, he was out of town for the 26th and 27th, and for the month of November, he attended a conference that was held from the 8th to the 12th in Florida, revealing he was away from home about 10 days for this conference, and for one week during the Thanksgiving holidays. He stated that while he is away from home, an elderly neighbor picks up his mail, whom he characterized as being very responsible.
Lionel Lang, a New Orleans postal worker, testified regarding the post office's policies regarding mail that is refused and unclaimed. If a letter is refused by someone to whom it is addressed to, it is returned immediately by the post office. However, if it is unclaimed, the post office holds it for 15 days, giving the person an opportunity to pick it up. A person is generally given two notices of the existence of a certified letter, and the notice is left in the person's mailbox. He believed that the notations on the envelope in question indicated that two notices of the certified mail were issued to McFarland by the Charleston post office, rather than three, as the markings seem to indicate.
At the conclusion of the trial, the trial court dismissed the nullity action, finding that service was sufficient under La. R.S. 13:3204. In written reasons for judgment, the court stressed that there was no evidence presented to indicate the post office failed to attempt delivery of the certified letter or that it had falsified information about attempting delivery.
This appeal, taken by McFarland, followed.

DISCUSSION
La.Code Civ. P. art.2002 provides that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken. Appellant contends the default judgment is an absolute nullity because he was not properly served with the petition and citation pursuant to La. R.S. 13:3204. He also argues the judgment is invalid because there was no return receipt attached to the affidavit of service as required by La. R.S. 13:3205.
La. R.S. 13:3204 sets forth the mandatory manner in which service of process must be made in a suit brought under the long-arm statute. That provision provides, in pertinent part, as follows:
§ 3204. Service of process
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.
B. If service of process cannot be made on the nonresident by registered or certified mail or by actual delivery, the *622 court shall order that service of process be made on an attorney at law appointed to represent the defendant pursuant to Code of Civil Procedure Article 5091.
Just as personal jurisdiction over residents cannot be maintained without valid personal or domicilary service as required by law, personal jurisdiction over non-residents is dependent on strict compliance with the long-arm statute's procedural requirements. When service does not comply with § 3204, personal jurisdiction over a non-resident defendant does not attach. Clay v. Clay, 389 So.2d 31, 37 (La.1979). However, when the plaintiff's counsel sends a copy of the citation and petition to the defendant by registered or certified mail, such service has the same legal force and validity as personal service made on the defendant within the state. La. R.S. 13:3204 C; Barnett Marine, Inc. v. Van Den Adel, 96-1029, pp. 7-8 (La.App. 5 Cir. 4/9/97), 694 So.2d 453, 457, writ denied, 97-1236 (La.9/26/97), 701 So.2d 983.
Under the clear wording of § 3204, all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under § 3204 for a signed return receipt. Thomas Organ Company v. Universal Music Company, 261 So.2d 323, 327 (La.App. 1st Cir.1972).
The record demonstrates that the mandatory requirements of § 3204 were met in this case. Appellant contends, however, that the certified mailing was defective because he never received it, as evidenced by the fact that it was returned to Dippel marked unclaimed, and therefore, he had no notice of the Dippel lawsuit.
It is well settled that a litigant may not defeat service by merely refusing to accept a letter containing a citation. Thomas Organ Company v. Universal Music Company, 261 So.2d at 327; Ahlers v. Ahlers, 384 So.2d 474, 476 (La.App. 2d Cir.1980). Appellant contends these cases have no bearing on the instant case because he did not refuse a letter proffered to him by a postman. Rather, the certified mailing at issue was returned "unclaimed," a distinction which, he claims, mandates a finding that service was insufficient under § 3204.
We disagree. The rule has also been applied where the facts demonstrate the defendant refused to claim a certified letter at a post office. Hardy v. Dowe Company, Inc., 95-2194, p. 10 (La.App. 4 Cir. 5/8/96), 674 So.2d 452, 458, writ denied, 96-1439 (La.9/20/96); 679 So.2d 434; Dean v. Waters, 95-2352 (La.App. 4 Cir. 12/14/95), 667 So.2d 1137. To allow a defendant to defeat service of process by refusing to claim a certified letter at the post office would make a mockery of R.S. 13:3204 and render it completely ineffective. See Thomas Organ Company v. Universal Music Company, 261 So.2d at 327; Ahlers v. Ahlers, 384 So.2d at 476. Thus, we conclude where the facts demonstrate a litigant chose to ignore notice of a certified letter, and refused to claim the letter at the post office, that conduct is tantamount to a refusal of service and cannot defeat otherwise valid service.
The trial court obviously made a credibility determination, and found the evidence established appellant received notice of the certified mailing, but simply refused to claim the certified letter at the post office. Appellant contends this finding is manifestly erroneous.
This court may only reverse a factual finding of the trial court if we find (1) no reasonable basis exists in the record for the finding and (2) the finding is manifestly erroneous. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The issue to be resolved by this court is not whether the trier of fact's decision was right or wrong, but whether that decision was a reasonable one. Id.
*623 The record demonstrates that the Charleston post office noted on at least two occasions that appellant did not claim his certified mailing. It further showed that the post office routinely provides the intended recipient of a certified letter with notification of the existence of the letter, which is left in the intended recipient's mail receptacle. Appellant's mailbox was outside of his home. The evidence showed appellant was aware Dippel was making a redhibition claim against him, and that as a landlord, he is well aware of how certified mail is handled by the post office. There was no evidence to suggest that there was any problem with the Charleston post office's handling of appellant's mail in general, and none to suggest the notations placed by the Charleston postal workers on the envelope were in any way inaccurate. Interestingly, appellant offered the testimony of a New Orleans postal worker rather than a Charleston postal worker in an attempt to defeat service. Under these circumstances, we find the trial court's conclusion that appellant knew of the existence of the certified mail, but refused to claim it, to be entirely reasonable based on the record.
Next, appellant contends the default judgment is an absolute nullity because the judgment was taken in violation of the procedure set forth in La. R.S. 13:3205. Again, we disagree.
La. R.S. 13:3205 sets forth the proof of service requirements in connection with a default proceeding taken against a defendant sued under the long-arm statute. The provision states:
§ 3205. Default judgment; proof of service of process.
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or
(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.
The comments to this provision state that it requires proof of notice to the defendant through mail or delivery. In this case, it is undisputed that an affidavit demonstrating service was made in compliance with the mandatory requirements of § 3204 was filed into the record in the default proceeding. Appellant contends § 3205 was violated because Dippel failed to submit a return receipt attached to the affidavit signed by appellant, necessitating nullification of the judgment.
The evidence established that notice of the lawsuit was given to appellant by Dippel, and appellant chose to ignore that notice. Again, appellant is attempting to defeat service by his refusal to claim the certified letter. Under these circumstances, we conclude the affidavit filed in the record as required by § 3205, along with the envelope demonstrating that notice of the certified letter was given but was unclaimed, was sufficient to show compliance with § 3205's proof of notice requirement. Therefore, appellant is not entitled to nullify the judgment because of Dippel's inability to attach a return receipt to the service affidavit. See Dean v. Waters, 95-2365 at p. 7, 667 So.2d at 1141 (stating that where a certified letter is returned unclaimed to a plaintiff, the plaintiff should file an affidavit into the record under § 3205(a) demonstrating that service was accomplished under § 324).

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant, John McFarland.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
*624 GUIDRY, J., dissenting.
I disagree with the majority opinion in this matter. Appellant was not properly served with the petition and citation pursuant to La. R.S. 13:3204. There is no reasonable basis in the record to support the trial court's factual determination that appellant received notice of the certified letter and refused to claim the mailing. That finding is manifestly erroneous.
An attorney should have been appointed pursuant to the provisions of Part B of La. R.S. 13:3204. Therefore, I respectfully dissent.