CHARLES R. JONES, Judge.
|, The Appellants, Kevin and Samantha Nguyen, appeal a judgment of the district court granting a permanent and mandatory injunction in favor of the Appellees, the Fairway Estates Homeowners Association, Clyde McCoy and Alicia Plummer. We affirm in part, reverse in part, and remand in part.
In October of 2006, the Nguyens purchased a home in the Fairway Estates subdivision in Orleans Parish. The subdivision is managed and preserved by the Fairway Estates Homeowners Association, which has been organized as a nonprofit corporation with the Louisiana Secretary of State since January 11, 2000. After purchasing their home, the Nguyens subsequently sought to construct an addition to the structure. They were advised by Ms. Plummer, the president of the Fairway Estates Homeowners Association, to discuss their modification plans with Mr. Hilliard Butler — who was a member of the Fairway Estates Homeowners Association’s Architectural Review Committee.
The Nguyens met with Mr. Butler, and they allege that he informed them that the adjustments that they wanted to make were not in compliance with the rear setback provision of the homeowners association’s Declarations of Covenants and Restrictions (“Restrictive Covenants”), and that they would need to apply for a *1013 [¿variance with the City of New Orleans to build closer than 20 feet to their property line. Both Mr. Butler and the Fairway Estates Homeowners Association deny that Mr. Butler advised the Nguyens to apply for a variance.
Nevertheless, the Nguyens submitted an application for a variance with the Board of Zoning Adjustments (“BZA”) for the City of New Orleans on March 13, 2007, and their application was granted at a BZA hearing on April 9, 2007, subject to two (2) provisos: 1.) the Nguyens had to enclose them rear yard with a 7 foot opaque fence, and 2.) the Nguyens’ addition had to match the color of the brick and roof style of the existing building. At the April hearing, the BZA explained that “any decision made by the Board (BZA) does not take away any authority of the Association (Fahway Estates Homeowners Association).”
Thereafter, the Nguyens — in compliance with FEHA’s Declaration of Restrictions and Covenants — attempted to submit their construction application, two (2) sets of construction plans, and a $150.00 application fee to Ms. Plummer via certified mail. Delivery was attempted by the U.S. Postal Service once at Ms. Plummer’s home address on June 19, 2007. One delivery notice was left for her by the U.S. Postal Service. Ms. Plummer did not claim the package. She admitted receipt of the delivery notice, and testified that she was unable to pick-up the package during post office hours. The package was returned to the Nguyens on July 18, 2007. The Ngu-yens made no further attempts to deliver the package to Ms. Plummer or the FEHA.
On or about July 24, 2007, the Nguyens began construction of their addition. The Fairway Estates Homeowners Association sent the Nguyens notices to cease construction, but to no avail. The Nguyens completed their addition by mid-September of 2007. As a result, the Fairway Estates Homeowners’ Association |;iand two (2) Fail-way Estates homeowners— Mr. McCoy and Ms. Plummer — (hereinafter collectively referred to as “FEHA”), filed suit against the Nguyens seeking in-junctive relief to have the couple comply with the provisions of the FEHA’s Restrictive Covenants that they allegedly violated when constructing their home addition.[1],[2]
The Nguyens answered the suit, and filed exceptions of lack of procedural capacity, lack of right of action, and improper use of a summary proceeding against the FEHA. The Nguyens also filed a re-conventional demand for injunctive relief seeking to have the FEHA produce FEHA records, and to hold a proper election of its Board of Directors. They further filed a third party claim against Ms. Plummer and Mr. McCoy alleging that they refused to produce financial and corporate records of the FEHA, and that they engaged in bad faith and ultra vires conduct in refusing to accept the Nguyens’ application.
Trial was held on March 25 and 26, 2008. By judgment dated May 1, 2008, the district court granted the FEHA’s request for a permanent, mandatory injunction against the Nguyens, and ordered them to demolish and/or renovate the addition to their home to comply with the Restrictive Covenants. The district court denied the Nguyens’ exceptions and their reconven-tional demand.[3] The Nguyens subsequently filed this timely appeal.
*1014 The Nguyens raise nine (9) assignments of error on appeal:
1. the district court’s interpretation of the rear setback provision of the Restrictive Covenant is in error;
|42. the district court erred in applying a more restrictive interpretation of the Restrictive Covenants where a reasonable and less restrictive interpretation exists;
3. the district court erred in finding that the Nguyens’ addition violated the Restrictive Covenants;
4. the district court erred in failing to find that the Board of Directors was improperly constituted and defunct;
5. the district court erred in failing to find that the ARC was improperly constituted and defunct;
6. The district court erred in finding that the improperly constituted Board of Directors had the authority to act;
7. The district court erred in concluding that the Nguyens failed to comply with application requirements contained in the Restrictive Covenants;
8. the district court erred in entering a judgment ordering the Nguyens “to remove the rear addition of their home” when neither the Reasons for Judgment nor the record support such an order; and
9. the district court erred in failing to grant the Nguyens’ reconventional demand seeking a proper election.
An appellate court cannot disturb the factual findings of the district court in the absence of “manifest error” or unless it is “clearly wrong.” Stobart v. State, Through Dept. of Transp. & Dev., 617 So.2d 880, 882 (La.1993). However, when a trial court commits legal error, an appellate court is required to review the record de novo. Edwards v. Pierre, 08-0177 (La.App. 4 Cir. 9/17/08), 994 So.2d 648, 656. Moreover, the standard of review for the issuance of a permanent injunction is the manifest error standard. Mary Moe, L.L.C. v. La. Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29.
The Nguyens’ first and second assignments of error address the district court’s interpretation of the rear setback provision of the Restrictive Covenants at issue. In their first assignment of error, the Nguyens allege that the district court’s ^interpretation of the rear setback provision of the Restrictive Covenant is in error. The Nguyens’ assert that neither they nor the FEHA have interpreted the rear setback provision as requiring a maximum rear setback of 24 feet.
Article 7.4 is the section of the Declaration of Covenants and Restrictions at issue, which states in pertinent part:
.... [t]he rear setback requirements for a dwelling (living area) shall be twenty-four (24) feet or as required by the applicable Orleans Parish Zoning Ordinance. If the rear of any lot adjoins the Golf Course, however, no building, dwelling or part thereof shall be nearer than ten (10) feet to said rear lot line. In its Reasons for Judgment, the district
court explained:
[t]he Court finds a plain reading of the Restrictive Covenant Agreement contemplates a maximum rear setback requirement of 24 feet and a minimum of 20 feet. Moreover, the minutes of the April 9, 2007 meeting of the City of New Orleans Board of Zoning Adjustments (BZA) indicated a decision on a variance was “completely separate from any cove *1015 nants or other restrictions on the property”.
Section 4.1.7 of the New Orleans Comprehensive Zoning Ordinance, entitled “Height, Area and Yard Requirements,” requires a minimum depth of a rear yard in a residential development to be 20 feet.
The rear setback provision gives Fairway Estates’ homeowners the choice between a 24 foot rear setback requirement and the 20 foot setback requirement of the BZA. Of the two options, 24 feet is more restrictive because it bars property owners from using four (4) additional feet available under the alternative rear setback requirement. We find that the district court’s use of the term “maximum requirement” to mean that the 24 foot rear setback requirement is greater than the 20 foot rear setback requirement. This interpretation is not at odds with the plain meaning of the rear setback article. This assignment of error is without merit.
| (iThe Nguyens’ second assignment of error is that the district court erred in applying a more restrictive interpretation of the Restrictive Covenants where a reasonable and less restrictive interpretation exists. The FEHA’s Restrictive Covenants required rear setbacks to either be 24 feet or “as required by the applicable Orleans Parish Zoning Ordinance.” The district court reasoned that the reference to the requirements of the Orleans Parish Zoning Board meant that the 20 foot rear set back requirement set forth for single family residential home in Section 4.1.7 of the New Orleans Comprehensive Zoning Ordinance was applicable.
Our review of the record indicates that it was not unreasonable for the district court to determine that the context and wording of the rear setback article indicates that the FEHA gives Fairway Estates homeowners the choice between two requirements. Moreover, it would defeat the purpose of having a rear setback requirement if all Fairway Estates Homeowners had the option of petitioning the City for a rear setback under 20 feet. It does not follow that the FEHA meant that to be the case. Lastly, the BZA advised the Nguyens that even though it approved their variance, ultimately the couple would have to obtain the permission of the FEHA. The district court did not commit manifest error in its interpretation of the FEHA’s rear setback requirement. This assignment of error is without merit.
The Nguyens’ third assignment of error is that the district court erred in finding that their addition violated the Restrictive Covenants. They contend that there is no testimony that their addition extends closer than 20 feet to their property line under the BZA guidelines. The FEHA maintains that a violation existed because the site plan they submitted into evidence shows that the rear addition constructed by the Nguyens only provides a minimum depth of 10 feet, which is 10 |7feet beyond the minimum 20 foot rear setback requirement. The FEHA further avers that Mr. Butler’s October 25, 2007 correspondence to the Nguyens documents the 10 foot encroachment, and rejects their plans.
Our review of the record shows that on October 11, 2007, the Nguyens filed a Memorandum in Opposition to Plaintiffs (FEHA’s) Petition for Injunction. In said memorandum, they declared:
The Nguyens have completed their extension exactly as described in their application to the Board of Zoning Adjustments and to the Homeowners Association. [Emphasis added]
The extensions described in both applications contained a rear set back that extended 15 feet. The original structure of the Nguyens’ home left them with a 25 foot rear set back. When Mr. Butler met with the Nguyens, he advised them that *1016 they could extend their home by five (5) feet in the rear, leaving them with the requisite.20 feet rearset back. The application submitted to the BZA and mailed to the FEHA requested a 15 foot extension that would have left only a 10 foot rear-set back. The Nguyens’ statement in their October 2007 memorandum is tantamount to an admission that they violated the FEHA’s rear setback requirement. We do not find that the district court manifestly erred in holding that the Nguyens’ addition violated the FEHA’s restrictive covenants where the couple admits the violation. Also, the district court ordered that the Nguyens “demolish and/or renovate any construction to their residence to comply with the covenants and restrictions of the Fairway Estates subdivision.” Consequently, if the Nguyens did not build the addition to their home as they specified in their applications, and the addition to then-home left them with at least a 20 foot rear setback then they [.¡have nothing to demolish and/or renovate because they would already be in compliance. This assignment of error is without merit.
In their fourth and fifth assignments of error, the Nguyens allege that the district court erred in failing to find that the Board of Directors of the FEHA, and the ARC were improperly constituted. The Nguyens assert that the FEHA is a nonprofit corporation that is governed by its' Articles of Incorporation and La. R.S. 12:201, et. seq., which controls nonprofit corporations. They specifically allege that pursuant to the FEHA’s Articles of Incorporation, the Board of Directors is to be composed of five (5) persons while the ARC is to be composed of three (3) persons.
The district court did not state within its Reasons for Judgment whether the Board of Directors and the ARC were improperly constituted. In denying the Nguyens’ exception of no right of action, the district court reasoned that the issues raised by the Nguyens as to the Board and the ARC are meritless as any homeowner within the Faix-way Estates subdivision had the right to file suit against the Nguyens under Article 10.3 of the Restrictive Covenant and pursuant to Louisiana caselaw. Diefenthal v. Longue. Vue Foundation, 02-1470 (La.App. 4 Cir. 1/7/04), 865 So.2d 863, 875.
The district court further explained that when the Nguyens purchased their home in the Fail-way Estates subdivision, the Board of Directors operated with three officers: a president, treasurer and a secretary. The district court determined that the Board’s decision to seek injunctive relief against the Nguyens at a September 2007 FEHA meeting was ratified by the homeowners that were in attendance. The district court reasoned that said ratification gives weight to the pactions of the three (3) member board. Therefore, the district court reasoned these arguments were meritless.
With regard to the ARC, the Minutes from the FEHA September 1, 2007 meeting, indicate that five persons were appointed to that committee.[4] It is unclear, however, who appointed these persons to the ARC, and if the appointments were in compliance with the Restrictive Covenants. Yet, the district court rationalized in its Reasons for Judgment that the sole member of the ARC was Mr. Butler.
The FEHA avers that the Nguyens waived their arguments regarding the lack of procedural capacity of the Board of Directors and the ARC because the Ngu-yens had previously made a general ap *1017 pearance seeking to convert the FEHA’s motion for a preliminary injunction into a full trial on FEHA’s demand for a permanent injunction.
The Nguyens assert that the district court erroneously combined their arguments in support of their exception of no right of action with their argument on the merits that the Board of Directors was acting without authority.
Article VII of the Articles of Incorporation of the FEHA provides:
[t]he management of this corporation shall be vested in a Board of Directors which shall consist of five members in good standing of the corporation to be elected by the membership of the corporation at the annual meeting of the corporation.
Furthermore, pursuant to Article X, Section 10.3, entitled Enforcement, of the FEHA’s Restrictive Covenants:
[ejither the Fairway Estates Homeowners Association, through its Board of Directors, or any Lot Owner shall be entitled to seek enforcement of these covenants and restrictions by any proceeding at law or in | inequity against any person or persons violating or attempting to violate any covenant or restriction
Moreover, in Article VI, Section 6.2 of the Restrictive Covenants, entitled Architectural Review Committee, it states that “[t]he ARC shall have (3) members, appointed by the Fairway Estates Development, L.L.C....” The Fairway Estates Development, L.L.C., however, no longer exists. There has not been an amendment made to the Restrictive Covenants to provide for a new procedure to elect members of the ARC.
In Williams v. Southern Trace Property Owners Ass’n, Inc., 43,186, p. 3 (La.App. 2 Cir. 4/23/08), 981 So.2d 196, 198, the Second Circuit Court of Appeal held:
... [t]he community documents, such as the Declarations in the case sub judice, form the law between the Homeowners Association and the individual lot owners and among the lot owners in the community. La. R.S. 9:1141.8. The Declarations containing the restrictions and covenants are subject to the rules of the civil code and principles of contract interpretation contained therein. La. C.C. art. 783. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. C.C. art.2046. Further, when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit. Id., comment (b); Maloney v. Oak Builders, 256 La. 85, 235 So.2d 386 (1970).
In applying the terms of the community documents (i.e. the Articles of Incorporation and the Restrictive Covenants) and examining the district court’s findings of fact with regard to the Board of Directors and the ARC, we find that both the Board of Directors and the ARC are improperly constituted. The district court’s determination that the Board of Directors only consisted of three (3) persons, and that Mr. Butler was the only member of the ARC indicates that both | ^ organizations were two (2) persons short of having the requisite number of members.
District courts have the authority to determine whether Boards are legally constituted and to issue such orders necessary to enforce an organization’s compliance with its own Articles of Incorporation. Smith v. Riley, 424 So.2d 1166, 1170 (La.App. 1 Cir.1982). Thus, finding that the Nguyens’ assignments of error four and five do have merit, we vacate the judgment of the district court denying the Nguyens’ *1018 reconventional demand for a new election of the Board of Directors. Furthermore, we grant, sua sponte, an exception of lack of procedural capacity on the part of the Fairway Estates Homeowners Association, and we remand this matter to the district court with instructions forthwith to order an election of the Board of Directors that is in compliance with the Articles of Incorporation. See La.Code Civ.P. art. 927(B). Lastly, the district court is instructed to oversee the FEHA amend its Restrictive Covenants with an updated article or articles specifying new procedures for the composition and election of the ARC.
Finally, Article 10.3 of the FEHA’s Declaration of Covenants and Restrictions and our jurisprudence recognizes the right of Mr. McCoy and Ms. Plummer — as individual homeowners within the Fairway Estates subdivision — to sue to enforce their subdivision’s building restrictions. Lake-shore Property Owners Ass’n v. Delatte, 579 So.2d 1039, 1044 (La.App. 4 Cir.1991), writ denied, 586 So.2d 560 (La.1991); Belle Tern Lakes Home Owners Association v. McGovern, 01-722 (La.App. 5 Cir. 1/29/02), 805 So.2d 1286, 1292. Thus, Mr. McCoy and Ms. Plummer had the procedural capacity to maintain this action for injunctive relief in their own right as homeowners within Fairway Estates. Id.
h2We pretermit discussion of assignment of error six, having already determined that the FEHA’s Board of Directors was improperly constituted and having ordered the district court to oversee a proper election of the Board Directors.
The Nguyens’ seventh assignment of error is that the district court erred in concluding that the Nguyens failed to comply with application requirements contained in the Restrictive Covenants.
The district court reasoned that the FEHA, via Ms. Plummer, did not receive notice of the Nguyens’ application for approval of construction. The district court went on to explain that only after the U.S. Post Office has made three failed attempts to serve a party is that party considered served. It is uncontested that the Ngu-yens mailed their application to Ms. Plum-mer via certified mail. However, when the mail was returned to the Nguyens — after one delivery notice was made to Ms. Plum-mer — they discontinued any further attempts to deliver their application to the FEHA Board of Directors. The district court determined that only after three notices are left and the U.S. Post Office returns a letter marked “unclaimed” that the district court can consider a party served under Hardy v. Dowe Co., Inc., 674 So.2d 452 (La.App. 4 Cir.1996), and Dean v. Waters, 667 So.2d 1137 (La.App. 4 Cir.1995).
The district court’s interpretation is erroneous. This court has not held that three notices must be left by the U.S. Postal Service before the intended recipient can be deemed served. In Dean, plaintiffs’ counsel mailed the citation and petition to the defendant and it was returned by the U.S. Postal Service marked “unclaimed” after three notices were left. 667 So.2d at 1141. Our holding in Dean was that a party may not defeat service by merely refusing to accept a letter 113containing a citation. Id. Similarly, in Hardy, we rationalized that a defendant, who refused to claim a certified letter from the post office notifying him of an upcoming hearing date, was served because litigants cannot defeat service by merely refusing to accept a letter containing a citation. 674 So.2d at 458.
Neither of the cases cited by the district court demonstrates that our court has established that service is made after the U.S. Postal Service makes three (3) failed attempts to deliver mailed and the mailed is marked and returned “unclaimed.” Nevertheless, having already determined *1019 that the Board of Directors was improperly constituted and ordering the district court to oversee a new election of the Board, we pretermit further discussion of this assignment of error.
Lastly, we pretermit discussion of assignment of error nine having already determined that the FEHA’s Board of Directors was improperly constituted and having ordered the district court to oversee a proper election of the Board Directors and the ARC.
DECREE
For the foregoing reasons, the judgment of the district court granting a permanent and mandatory injunction in favor of Clyde McCoy and Alicia Plummer is affirmed. We further find that the Board of Directors of the Fairway Estates Homeowners Association lacked the procedural capacity to institute this suit. Thus, the judgment of the district court granting a permanent and mandatory injunction in favor of the Fairway Estates Homeowners Association is reversed. The judgment of the district court denying the reconven-tional demand of Kevin and Samantha Nguyen is also reversed. We hereby remand this matter to the district court forthwith to oversee an election of the Fairway Estates Homeowners | ^Association’s Board of Directors that is in compliance with the Articles of Incorporation. Furthermore, the Fairway Estates Homeowners Association’s community documents contain outdated provisions that made compliance with said documents impossible. Thus, the district court shall oversee that the Fairway Estates Homeowners Association amends its Declaration of Covenants and Restrictions with new articles detailing the composition and election of members of the Architectural Review Committee. Consequently, any party and/or member of the Fairway Estates Homeowners Association, including the Association itself, may seek review under the newly elected Board of Directors and/or Architectural Review Committee.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART WITH INSTRUCTIONS.
ARMSTRONG, C.J., Concurs in Part and Dissents in Part for Reasons Assigned by Judge Belsome.
BELSOME, J., Concurs in Part and Dissents in Part With Reasons.

. The FEHA also filed suit against Alfred and Darlene Jordan seeking an injunction; however, an appeal was not taken from the district court’s judgment relative to the Jordans.

. On April 3, 2008, the FEHA filed an amended petition for preliminary and permanent injunction to include Mr. McCoy and Ms. Plummer as plaintiffs, which the district court granted. Additionally, Mr. McCoy is also a member of the FEHA’s Board of Directors.

.The district court held that the Nguyens’ exceptions of lack of procedural capacity and unauthorized use of summary proceeding *1014 were either mooted or waived because they were not set for hearing prior to trial.

. The five (5) members are: Ms. Plummer, Mr. McCoy, Frank Bissant, Mr. Butler and Sidney Williams.