STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2025 CA 0132

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE
FOR PRETIUM MORTGAGE ACQUISITION TRUST

VERSUS

CARLUS BUCKLES AND RITA SANFORD A/K/A RITA S.
SANFORD BUCKLES

JUDGMENT RENDERED:    **SEP 2 4 2025**

* * * * * * *

Appealed from the Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 731,000 • Section 22

The Honorable Beau Higginbotham, Presiding Judge

* * * * * * *

| | |
|---|---|
| Carlus Buckles<br>Baton Rouge, Louisiana | APPELLANT<br>DEFENDANT—*Pro se* |
| | |
| Zachary Garrett Young<br>John C. Morris III<br>Allison J. Sabine<br>Ashley E. Morris<br>Candace Ann Courteau<br>Elizabeth Crowell Price<br>George B. Dean, Jr.<br>Monroe, Louisiana | COUNSEL FOR APPELLEE<br>PLAINTIFF—Wilmington Savings<br>Fund Society, FSB, d/b/a Christiana<br>Trust, not individually but as trustee<br>for Pretium Mortgage Acquisition<br>Trust |

* * * * * * *

BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.

**EDWARDS, J.**

*Pro se* defendant appeals a judgment of the district court that denied his "Rule to Show Cause Why Foreclosure Judgment Should Not Be Declared Null and Void as a Matter of Law or Otherwise Declared an Absolute Nullity" and "Motion for Preliminary Injunction [Under] La. Code Civil Procedure Article 3601." We consider that portion of the district court's judgment that denied defendant's motion for preliminary injunction pursuant to our appellate jurisdiction, and we consider that portion of the judgment that denied defendant's rule to show cause why foreclosure judgment should not be declared null and void as a matter of law pursuant to our supervisory jurisdiction. For the following reasons, we affirm the district court's judgment and grant the defendant's writ application but deny relief.

## FACTS AND PROCEDURAL HISTORY

On January 16, 2007, Carlus Buckles and Rita Sanford executed a promissory note in the principal sum of $229,500.00.[1] On or about the same date, Buckles and Sanford executed a mortgage securing the note and encumbering property located on Hedgewood Drive in Baton Rouge. After Buckles and Sanford allegedly defaulted on the note and mortgage, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust ("Wilmington") filed a petition to enforce security interest by ordinary process on April 14, 2023, at the 19th Judicial District Court.

A citation was issued for service to both Buckles and Sanford. The East Baton Rouge Parish Sheriff made several attempts to serve Buckles at the Hedgewood Drive address but was unsuccessful.[2] After a skip trace, Wilmington discovered

---

[1] The note was initially signed in favor of Resmae Mortgage Corporation. The mortgage was eventually reassigned to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust.

[2] Sanford filed an answer in response to the petition on June 21, 2023, wherein she alleged that she no longer owns the Hedgewood Drive property. Wilmington filed a motion to dismiss Sanford,

another address for Buckles ("W. Johnson Street"), and Wilmington then requested service for Buckles at the newly discovered address. A deputy sheriff completed domiciliary service[3] of Wilmington's petition on Buckles through a relative ("Theresa") at the W. Johnson Street address on September 28, 2023, and the Sheriff's return was filed into the record.

Buckles' 21-day period to file a responsive pleading to Wilmington's petition lapsed, and as a result, Wilmington filed a motion for confirmation of default judgment against Buckles. Wilmington attached the affidavit of Korey McGovern, document execution specialist for the servicer of Buckles' mortgage, who attested to the amount due under the note; that the note has been lost, misplaced, or destroyed and cannot be located despite "diligent effort"; and that she published an advertisement regarding the missing note in the newspaper on October 24, 2023. Wilmington also attached the affidavit of its attorney, Candace A. Courteau, who stated that she did not receive a response to the advertisement in the newspaper regarding the whereabouts of the promissory note.[4] Courteau also averred that service was made on Buckles on September 28, 2023.

The district court scheduled a hearing on the motion for confirmation of default judgment on April 8, 2024. On that date, the district court rendered judgment in favor of Wilmington and against Buckles as follows: (1) principal of $216,608.22 and deferred principal of $49,992.77 with interest of $11,352.68 through November 23, 2023, and thereon at 4.0% per annum until paid; (2) charges for payment of taxes,

---

and she was subsequently dismissed from the proceeding by order of the district court dated August 15, 2023.

[3] Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234.

[4] Other attachments to the motion for confirmation of default include a certification of the Clerk of Court attesting that the record was examined and that no answer or other opposition was filed by Buckles and an affidavit as to military service.

insurance, inspections, and any additional amounts accruing thereafter through the sale; and (3) expenses and costs incurred in enforcing the note and mortgage, including reasonable attorney's fees. The default judgment further provided that Wilmington's right to enforce the judgment is "**IN REM ONLY**" against Buckles.

A deputy sheriff completed domiciliary service of the default judgment on Buckles, again through Theresa at the W. Johnson Street address, on April 22, 2024, and the Sheriff's return was filed into the record. On June 10, 2024, the Sheriff seized the Hedgewood Drive property pursuant to a writ of fieri facias issued by the 19th Judicial District Court, and a Sheriff's sale was scheduled for August 21, 2024.

On August 1, 2024, Buckles filed two separate pleadings: a "Motion for Preliminary Injunction [Under] La. Code Civil Procedure Article 3601" and a "Rule to Show Cause Why Foreclosure Judgment Should Not Be Declared Null and Void as a Matter of Law or Otherwise Declared an Absolute Nullity" ("motion to annul"). In the motion to annul, Buckles alleged that he was not served with Wilmington's petition. According to Buckles, he did not live at the W. Johnson Street address on or around September 28, 2023, when domiciliary service was allegedly made at the W. Johnson Street address. Therefore, Buckles argued the April 8, 2024 default judgment should be declared "null and void or otherwise an absolute [n]ullity" and that all "legal orders, judgments[,] and/or decrees originating therefrom [are] likewise null and void as a matter of [l]aw[,]" including the writ of fieri facias. Buckles also stated that Wilmington was aware of his current address and that he was in the process of executing a loan modification plan in March 2024. For these reasons, Buckles also filed the motion for preliminary injunction to request that the district court halt the scheduled Sheriff's sale of the Hedgewood Drive property and to "set a date and time for the court to determine whether the preliminary injunction should be made permanent." In both pleadings, Buckles, who appeared in proper person, listed an address on Emmaline Drive in Baton Rouge in his signature block.

4

Wilmington opposed the motion for preliminary injunction and motion to annul. Wilmington asserted that the relief Buckles requested should be denied because he cannot carry his burden of proving that service was not completed and cannot prove irreparable injury, which is necessary to be entitled to a preliminary injunction, because he no longer lives at the Hedgewood Drive address. Wilmington also argued that the motion to annul is an improper use of summary proceedings and should be denied.

The parties appeared in court on August 19, 2024, for a hearing on Buckles' motion for preliminary injunction and motion to annul. At the hearing, Buckles argued he has not lived at the W. Johnson Street address since he was 15 years old and that the default judgment should be set aside because he did not receive notice of the confirmation of default hearing and therefore was unaware of it.[5] Buckles did not introduce any evidence at the hearing.

Wilmington introduced all exhibits to its opposition to the motion for preliminary injunction and motion to annul, consisting of (1) the incomplete service return for Buckles at the Hedgewood Drive address; (2) documents containing information discovered as part of Wilmington's due diligence investigation in an attempt to serve Buckles and which listed the W. Johnson Street address for Buckles through June 2024; and (3) the Sheriff's completed service return at the W. Johnson Street address for the notice of signing of the default judgment. Wilmington also asked the district court to take judicial notice of the Louisiana Secretary of State website, which reflects Buckles is a manager/member of a limited liability company registered at the W. Johnson Street address, and the service returns in the court record. Counsel for Wilmington explained that she attempted to have Buckles served at the Hedgewood Drive address, and when service could not be completed

---

[5] Buckles' statements were not made under oath.

at that address, Wilmington did its due diligence and discovered the W. Johnson Street address.

At the conclusion of the hearing, the district court denied Buckles' motion to annul and motion for preliminary injunction. On that same day, Buckles filed a motion for suspensive appeal of the district court's ruling denying his motion for preliminary injunction and motion to annul, which the district court granted. On October 3, 2024, the district court signed a single judgment memorializing its in-court rulings from August 19, 2024. On appeal, Buckles' assignments of error all relate to his allegation that he was not properly served with the motion for confirmation of default or the April 8, 2024 default judgment.

## RULE TO SHOW CAUSE ORDER

On March 19, 2025, this court, *ex proprio motu*, issued a rule to show cause order finding the October 3, 2024 judgment at issue "appears to lack appropriate decretal language disposing of and/or dismissing the claims of the petitioner[.]" The order directed the parties to submit briefs on or before April 9, 2025. After the lapse of the briefing deadlines, this court issued an interim order remanding the matter for the limited purpose of requesting the district court issue an amended judgment that complies with La. C.C.P. art. 1918(A).

On June 13, 2025, Wilmington supplemented the record on appeal with an amended judgment signed by the district court on June 11, 2025. The amended judgment states, in pertinent part:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the *Motion for Preliminary Injunction* filed by Defendant Carlus Buckles is hereby **DENIED.**
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the *Rule to Show Cause Why Foreclosure Judgment Should Not Be Declared Null and Void as a Matter of Law or Otherwise Declared an Absolute Nullity* filed by Defendant Carlus Buckles is hereby **DENIED.**

6

**IT IS FUTHER ORDERED, ADJUDGED AND DECREED,** that the foreclosure suit is to move forward and the sheriff sale of the property be reset.

This court's appellate jurisdiction extends to final judgments and to interlocutory judgments where expressly provided by law. See La. C.C.P. art. 2083(A) & (C). A judgment that grants or denies a preliminary injunction is an interlocutory judgment. See **Singleton v. East Baton Rouge Parish School Board,** 2022-0667 (La. App. 1 Cir. 9/16/22), 353 So.3d 164, 177. However, an appeal can be taken from an order or judgment relating to a preliminary injunction as a matter of right. See La. C.C.P. art. 3612(B). Therefore, the district court's ruling on the preliminary injunction is an appealable judgment.

Buckles also seeks review of the district court's denial of his motion to annul. Despite remanding the matter to the district court so that it may issue an amended judgment that complies with La. C.C.P. art. 1918(A), the amended judgment still lacks proper decretal language in that it does not dispose of or dismiss Buckles' claims. However, a judgment that denies a motion is inherently not an appealable final judgment, but is an interlocutory judgment that is subject only to discretionary review by appellate courts through their supervisory jurisdiction. **Jones v. Fogg,** 2024-1048 (La. App. 1 Cir. 5/30/25), 413 So.3d 580, 583.

A court of appeal, however, has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. See La. C.C.P. art. 2201; **Louisiana Power & Light Co. v. Slaughter,** 2004-2361 (La. App. 1 Cir. 11/4/05), 917 So.2d 532, 536, writ denied, 2006-0217 (La. 4/24/06), 926 So. 2d 550. Because our review of the district court's denial of Buckles' motion for preliminary injunction will necessarily require us to decide the issue presented in his motion to annul, we conclude that judicial efficiency and the interests of justice are best served by exercising our supervisory jurisdiction to review the denial of Buckles' motion to annul. Therefore, we treat Buckles' motion

to appeal the portion of the district court's judgment that denied its motion to annul as an application for supervisory writs. See **Louisiana Power & Light Co.**, 917 So.2d at 536.

## MOTION TO ANNUL

A judgment rendered against a defendant who has not been served with process as required by law is an absolute nullity. See La. C.C.P. arts. 1201(A) & 2002(A)(2); **Brown v. Stratis Construction, LLC**, 2021-0964 (La. App. 1 Cir. 3/7/22), 341 So.3d 640, 646. In the absence of evidence of proper citation and service of process informing the defendant of the claim against him, in strict compliance of the law, all subsequent proceedings are absolutely null. **Brown**, 341 So.3d at 646. Absolute nullities may be attacked collaterally, at any time, by rule, or any other method.[6] La. C.C.P. art. 2002(B); **Brown**, 341 So.3d at 645-46.

### *Citation and Service of Wilmington's Petition*

First, Buckles asserts that the district court erred in denying his motion to annul because it failed to find he was not properly served with Wilmington's petition. A sheriff's return reflecting service is considered prima facie correct. La. C.C.P. art. 1292(A); see also La. R.S. 13:3471(5). While the recitation on the return of citation is presumed to be correct, the presumption is rebuttable. **Centurion Capital Corp. v. Littlefield**, 2019-1405 (La. App. 1 Cir. 9/21/20), 314 So.3d 45, 49 (citing **Roper v. Dailey**, 393 So.2d 85, 88 (La. 1980) (on rehearing)). Generally, a party attacking citation and service must prove by a preponderance of the evidence that there was a lack of service of process. **Centurion Capital Corp.**, 314 So.3d at 49.

---

[6] A party may avail himself of the right to seek annulment of a judgment despite the fact that the party has a right to appeal and without adversely affecting the right to appeal. See La. C.C.P. art. 2005; **Brown**, 341 So.3d at 643.

Service of citation or other process may be either personal or domiciliary.[7] La. C.C.P. art. 1231. Domiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment. La. C.C.P. art. 1234. Valid domiciliary service depends on the actual and true facts at the time of service and not on information furnished by the defendant at some time prior to service. **State ex rel. Dept. of Social Services, Office of Family Support, Support Enforcement Services v. Langlois**, 2003-0849 (La. App. 1 Cir. 3/3/04), 874 So.2d 216, 218. Therefore, domicile is a question of fact. See **Becker v. Dean**, 2003-2493 (La. 9/18/03), 854 So.2d 864, 871. A court of appeal may not set aside a district court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review. **Premier Tugs, LLC v. Caillou Island Towing Co., Inc.**, 2019-1166 (La. App. 1 Cir. 6/18/20), 307 So.3d 218, 223.

In this case, the record reflects the East Baton Rouge Parish Sheriff attempted to serve Buckles at the Hedgewood Drive address but was unsuccessful. Thereafter, Wilmington discovered another address for Buckles, the W. Johnson Street address, and Wilmington requested Buckles be served there. The Sheriff completed domiciliary service of Wilmington's petition on Buckles through a relative named Theresa at the W. Johnson Street address on September 28, 2023, and the Sheriff's return was filed into the record. The September 28, 2023 service return is prima

---

[7] On appeal, Buckles also argues that there is no evidence in the record showing that Wilmington provided the district court with an affidavit attesting to the fact that he was served with notice of the default judgment. This is a requirement of La. R.S. 13:3205, which sets forth the proof of service requirements in connection with a default proceeding taken against a defendant sued under the long-arm statute. **McFarland v. Dippel**, 99-0584 (La. App. 1 Cir. 3/31/00), 756 So.2d 618, 623, writ denied, 2000-1794 (La. 9/29/00), 770 So.2d 349. The long-arm statute confers personal jurisdiction over nonresidents in certain instances. See La. R.S. 13:3201. Buckles does not allege that the long-arm statute applies, nor do we find any evidence in the record that the long-arm statute is implicated here.

facie proof of service pursuant to La. C.C.P. art. 1292(A) and La. R.S. 13:3471(5). Therefore, Buckles, as the opponent to the prima facie proof of service, bore the burden of overcoming the presumption of correctness accorded to the Sheriff's return of service. See **Centurion Capital Corp.**, 314 So.3d at 50.

At the hearing, Buckles stated that he has not lived at the W. Johnson Street address since he was 15 years old. This statement was not made under oath, and Buckles did not offer any other evidence in the form of witnesses or documents. Wilmington, on the other hand, introduced documentary evidence that listed W. Johnson Street as Buckles' address through June 2024. The documentary evidence also lists Buckles as a "manager" or "owner" of several businesses with the same W. Johnson Street address. A person named Theresa Dominique is also listed as "associated" with that address.

After review of the evidence introduced at the hearing, we do not find manifest error in the district court's determination that Buckles failed to overcome the presumption of correctness afforded to the Sheriff's return of service. As such, we find no merit to Buckles' argument that the September 28, 2023 domiciliary service made on Buckles (through Theresa) was insufficient and fatal to these proceedings. See **Centurion Capital Corp.**, 314 So.3d at 50.

### *Citation and Service of the Default Judgment*

Buckles also claims he did not receive notice of Wilmington's intention to seek a default judgment. If a defendant in the principal demand fails to answer or file other pleadings within the time prescribed by law or by the court, and the plaintiff establishes a prima facie case by competent and admissible evidence that is admitted on the record, a default judgment in favor of the plaintiff may be rendered, provided that notice that the plaintiff intends to obtain a default judgment is sent *if required* by La. C.C.P. art. 1702(A), unless such notice is waived. La. C.C.P. art. 1702(A)(1). Notice is required if the party who fails to answer has made an

appearance of record; if an attorney for a party who fails to answer has contacted the plaintiff or the plaintiff's attorney in writing concerning the action after it has been filed; or in cases involving delictual actions where neither of the previous two instances apply. La. C.C.P. art. 1702(A)(2)-(4). None of the aforementioned scenarios apply here. Therefore, Wilmington was not required to provide Buckles with notice of Wilmington's intent to seek a default judgment.

To the extent Buckles claims he was not served with the confirmed default judgment rendered by the district court on April 8, 2024, La. C.C.P. art. 1913(B) provides that notice of the signing of a default judgment against a defendant on whom citation was not served personally and who filed no exception, answer, or other pleading shall be served on the defendant by the Sheriff, by either personal or domiciliary service.

The record reflects the Sheriff completed domiciliary service of the default judgment on Buckles, through Theresa at the W. Johnson Street address, on April 22, 2024. As such, the burden was again on Buckles to controvert the prima facie proof of service pursuant to La. C.C.P. arts. 1292(A) & 1913(B). For the same reasons expressed in the previous subsection, we find no merit to Buckles' argument that the April 22, 2024 domiciliary service made on Buckles (through Theresa) was insufficient and fatal to these proceedings.

### *Merits of the Default Judgment*

Next, Buckles argues that the district court erred in finding the record supported the default judgment. However, an appeal of the April 8, 2024 default judgment is untimely. According to La. C.C.P. art. 2087(A)(1), the appeal of a judgment may be taken within 60 days of the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict if no application has been filed timely. The default judgment was rendered on April 8, 2024, and notice of signing

11

of judgment was served upon Theresa at the W. Johnson Street address on April 22, 2024.

Notice of the signing of a default judgment against a defendant on whom citation was not served personally and who filed no exception, answer, or other pleading shall be served on the defendant by the sheriff, by either personal or domiciliary service. See La. C.C.P. art. 1913(B). A party may file a motion for a new trial not later than seven days, exclusive of legal holidays, after the clerk has mailed or the sheriff has served the notice of judgment as required by Article 1913. La. C.C.P. art. 1974. Thereafter, an appellant has 60 days from the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict if no application has been filed timely. See La. C.C.P. art. 2087(A)(1).

In this case, the record does not include a motion for new trial related to the default judgment. Therefore, the time to appeal the default judgment commenced on April 22, 2024—the date on which the Sheriff completed domiciliary service on Buckles. See La. C.C.P. arts. 1974 & 2087. Buckles did not file his notice of appeal until August 19, 2024—well beyond the time frame for appealing the default judgment. Louisiana jurisprudence is clear that timeliness of an appeal is jurisdictional; absent a timely motion for appeal, the appellate court lacks jurisdiction over the appeal. **Francis v. Zhoa**, 2015-1314 (La. App. 1 Cir. 10/6/16), 2016 WL 5867500, *2 (unpublished). Therefore, we express no opinion on the merits of the April 8, 2024 default judgment.

## MOTION FOR PRELIMINARY INJUNCTION

An appellate court reviews a district court's decision on the grant or denial of a preliminary injunction under the abuse of discretion standard of review. See **Moore v. iDream Enterprises, Inc.**, 2022-0418 (La. App. 1 Cir. 12/14/23), 380 So.3d 625, 629-30, writ denied, 2024-00067 (La. 3/5/24), 380 So.3d 569. The alleged lack of service discussed in our analysis of Buckles' motion to annul forms

the sole basis for Buckles' motion for preliminary injunction. <u>See</u> La. C.C.P. art. 2298(A)(4) (providing that injunctive relief shall issue under a writ of fieri facias when the judgment sought to be executed is absolutely null). Since we found no manifest error in the determination that Buckles failed to overcome the presumption that service was completed in accordance with the requirements of the Louisiana Code of Civil Procedure, we likewise find no abuse of the district court's discretion in denying the motion for preliminary injunction.

## DECREE

For the foregoing reasons, we affirm that portion of the district court's judgment that denied the motion for preliminary injunction filed by Carlus Buckles. We also grant an application for supervisory review in relation to Buckles' motion to annul but deny relief. All costs of this appeal are assessed to appellant, Carlus Buckles.

**AFFIRMED; WRIT GRANTED, RELIEF DENIED.**